UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6293-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

TROY BROWN,

    Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America, through the undersigned Assistant United States Attorney, files its response to the defendant's Motion to Dismiss Indictment. The United States of America respectfully requests this court to deny defendant's Motion to Dismiss and in support thereof states the following:

The defendant has failed to cite a recognized basis for dismissal of the indictment. He has not alleged that the indictment does not contain every element of the charged offense. To the contrary, the defendant alleges that the government has put too much information in the indictment. The defendant does not allege that the indictment is either multiplicitous or duplicitous. The defendant does not allege that this indictment is based upon any government misconduct– vindictive or selective prosecution, prosecutorial misconduct within the grand jury proceedings or prosecutorial

misconduct outside of the indictment process. In addition, the defendant has not cited any legal authority for the dismissal of this indictment. His motion is devoid of case law, statutory language or rules of criminal procedure. The government, on the other hand, would like to submit some cases for the court to review.

The indictment in this case was presented to the grand jury in October, 2000. As this court is fully aware, the Supreme Court of the United States in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), decided in June, 2000, held that, "... any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-2363. As a result of the holding in <u>Apprendi</u>, the government began including drug quantity and drug type in all of its indictments. What was not clear after the holding in <u>Apprendi</u> was whether the Supreme Court of the United States had altered, in any way, its prior decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

In <u>Almendarez-Torres</u>, the Supreme Court of the United States dealt with the issue of whether subsection b(2) of Title 8, United States Code, Section 1326 defined a separate crime or simply authorized an enhanced penalty. Under the court's reasoning, if the subsection defined a separate crime, then the government would need to include the additional element of a prior aggravated felony conviction in the indictment. If the subsection merely authorized an enhanced sentence, then the government would not need to include the prior aggravated felony conviction in the indictment. The court concluded it was a sentencing factor, and the government need not include it in the indictment. Nowhere in the opinion was it even suggested that if the government did include in the indictment the proper remedy would be to dismiss the indictment.

After the <u>Apprendi</u> decision, our office made changes in the language included in our

2

indictments. We began including the drug quantities if those quantities would subject the defendant to any enhanced penalties. As an abundance of caution, our office also began alleging prior felony drug convictions pursuant to Title 18, United States Code, Section 851. Section 851 appeared to be a hybrid between a separate element and merely a sentencing enhancement. Section 851 required a defendant to have sustained a specific type of conviction in order for its enhancement to take effect. In addition, Section 851 required a specific process to be followed before its enhancement could take effect. Our office sought to be in compliance with the holding in Apprendi and protection from the claim made by the defendant in Almendarez-Torres. While it still appeared that we were under no obligation to do so, our office placed upon itself the burden of proving to a jury beyond and to the exclusion of any reasonable doubt that a defendant had sustained a felony, drug conviction which had become final.

It was not until the Eleventh Circuit's November, 2000 decision in United States v. Guadamuz-Solis, 232 F.3d 1363 (11th Cir. 2000) that our office became certain that the Eleventh Circuit had rejected the argument that Apprendi overruled Almendarez-Torres. That decision allayed our fears, and our policy was changed removing the prior conviction language from our indictments.

In conclusion, the most defendant can claim is that the prior conviction alleged in his indictment is surplusage. If that is his claim, then he should move this Court to strike the surplus language from the indictment. In so doing, defendant should be made aware that he is waiving any future argument that the prior conviction was an element and therefore should have been proven to a jury beyond reasonable doubt. The United States of America reiterates that there is no authority for dismissing the indictment in this case.

THEREFORE, the United States of America respectfully requests this Court to deny

defendant's Motion to Dismiss Indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Bruce O. Brown
Assistant United States Attorney
Florida Bar No. 999490
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
TEL: (954) 356-7255 ext. 3508
FAX: (954) 356-7336
E-MAIL: bruce.brown2@justice.usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 11th day of October, 2001 to: Louis Casuso, 111 NE 1st Street, Suite 603, Miami, Florida 33132-2517.

_____
Bruce O. Brown
Assistant United States Attorney