

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

          Plaintiff,     CASE NO:OO-6293-CR-FERGUSON/SNOW

vs.

TROY BROWN,

          Defendant.
_____/

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

COMES NOW the Defendant Troy Brown by and trough his undersigned counsel and files this,his reply to the Government's response to his motion to dismiss indictment.
We are not alleging a Governmental misconduct in any way shape or form.

We are not alleging any type of a Government ploy to prejudice the Defendant by presenting the Defendant's priors to the indicting Grand Jury.

Nevertheless improper evidence was presented even if the Government made a wrong legal choice based on Apprendi.

While the Government's response merely offers an excuse, the Government ignores the fact that improper evidence was presented to the Grand Jury when the Grand Jury was asked to vote on an indictment and the Defendant's priors were presented to it.

This was improper in that the presentation of the Defendant's priors tainted the Grand Jury's deliberations.See Burgett v. Texas 88 Sup.ct.258 (1967).

The Government's argument is incorrect in that it filed, after the indictment was returned, it's notice of enhancement under tittle 21 USC sect 851.

The filing under 851 belies the necessity for the Government to present the Defendant's priors before the Grand Jury.

This prejudiced the Defendant and for that reason alone the indictment should be dismissed.

The use of the Grand Jury must be fair. In this case it was not.

While the Prosecutor may had thought erroneously that the Apprendi opinion by the United States Supreme Court gave the Government carte blanch to present prejudicial evidence to the Grand Jury this was not the case.

Prejudicial evidence should never be presented to the Grand Jury if our goal is one of fundamental fairness.

Here the Grand Jury's deliberations were lacking fundamental fairness due to the erroneous assumption by the Prosecutor.

Again we do not allege Prosecutorial misconduct, simply prejudice.

Apprendi never held that prejudicial evidence could be submited to the  Grand jury and the subsequent opinions bear that out.

For these reasons this indictment should be Dismissed.

Respectfully Submitted,

_____
LOUIS CASUSO, ESQ.
BAR NO:0179470
111 N.E.1th STREET  SUITE 603
MIAMI, FLORIDA 33132
(305) 374-1500 FAX (305)374-0127


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the
foregoing was hand delivered/mailed to U.S Attorney's Office,

this ___ day of October,2001.

BY:_____
    LOUIS CASUSO, ESQ.